WISCONSIN'S ENVIRONMENTAL DECADE, INC., Plaintiff-Respondent, v. DEPARTMENT OF NATURAL RESOURCES, and another, Defendants-Appellants.

*No. 77–062.—Decided January 3, 1978.*
(Also reported in 260 N.W.2d 674.)

For appellants: *Bronson C. La Follette,* attorney general, and *Steve Wickland,* assistant attorney general.

For respondent: *Kathleen M. Falk* of Madison.

Amicus Curiae: *Harry F. Franke, Peter Coe Christianson* and *Cook & Franke, S. C.* of Milwaukee, for The Building Industry Water Quality Task Force.

*PER CURIAM.*

This case comes before us on a *sua sponte* order to show cause why the judgment appealed from should not be vacated. The judgment declared that sec. NR 110.05, Wis. Admin. Code (1974), was not validly repealed and new sec. NR 110.05, Wis. Admin. Code (1976), was not validly promulgated on October 1, 1976, because an environmental impact statement was not made pursuant to sec. 1.11, Stats. The judgment also enjoined the Department from applying new sec. NR 110.05, and directed it to apply old sec. NR 110.05 in passing on requests for sanitary sewer extensions. The Department moved for relief from the judgment, pend-

ing decision of the appeal. In an unpublished per curiam opinion, we determined that the judgment was not effective to direct the Department to apply the old rule. We also directed the Environmental Decade to show cause why the judgment should not be vacated on the ground that a justiciable controversy was not presented.

The Environmental Decade and Amici Curiae supporting its position have a twofold response to the order to show cause. First, they claim that the validity of the 1974 rule was not properly before us, an argument which is in effect a motion for reconsideration. Second, they contend that they have a sufficient interest in the balance of the case to oppose vacation of the judgment, because sewer extensions on a case-by-case basis will allow application of an unwritten rule which they claim would be invalid if formally adopted without an environmental impact statement.

The judgment appealed from directed the Department to comply with the 1974 rule. Our earlier per curiam opinion stated that the trial court's reason for invalidating the 1976 rule applied equally to the 1974 rule, without passing on the correctness of the trial court's decision as to either rule. The validity of the 1974 rule at the time of its adoption was not before us, and was not decided. However, before passing on the Department's motion for relief from the judgment pending disposition of the appeal, it was necessary for us to consider the effect of the judgment. It was our conclusion, reiterated here, that the reason given by the trial court for striking down the 1976 rule applied with equal force to the 1974 rule. Thus, the judgment had no effect either as a mandatory or prohibitory injunction, and it was not necessary to consider the Department's request for relief from the judgment pending the appeal.

The crucial issue before the trial court was whether a departmental rule setting forth standards for consideration of sewer extension requests was exempt from the application of sec. 1.11, Stats., because of the provisions of sec. 147.30, that regulatory actions to eliminate or control pollution, other than the issuance of permits or approvals for new sources of environmental pollution, are exempt from the provisions of sec. 1.11. The trial court ruled that the standards set forth in sec. NR 110.05 (1976) were not exempt from the provisions of sec. 1.11, Stats. In an opinion dated May 31, 1977, the trial judge stated that the exemption provided by sec. 147.30 applied only to actions taken under ch. 147, Stats. Sewer extension approvals are granted or denied under sec. 144.04. Therefore, the trial judge reasoned that standards relating to approval of sewer extension requests were not exempted from sec. 1.11 by sec. 147.30.

Our earlier per curiam opinion was grounded upon judicial notice of the Department's worksheet at the time the 1974 rule was promulgated. That worksheet showed that the statutory authority for the rules involved was ch. 144, Stats. It also showed that an environmental impact statement was not considered necessary. Therefore, the decision of May 31, 1977, had the effect of invalidating the 1974 rule as well as the 1976 rule. Both the new and old rules related to actions taken under ch. 144, Stats. If the new rule was subjected to the provisions of sec. 1.11, so was the old rule. To this limited extent, the old rule was before us, and we are not inclined to retreat from what was said in our earlier opinion.

The Decade has responded to the order to show cause in this case, that it fears the Department is applying the 1976 standards as a policy without saying so. It offers in support of this assertion a Department worksheet showing that out of thirty-seven extension re-

quests, thirty-four have been granted and three have been denied since our first per curiam opinion was handed down. Ten of these approvals were granted under some undesignated policy. The rest were not. The exhibit raises many more questions than it answers, and further inquiry would involve this court in a fact finding process which it is not equipped to handle. If the Decade wishes to challenge the issuance of any specific approval on the ground that it was done pursuant to an invalid policy, an action should be brought for that purpose.

The central assumption in the Decade's arguments against vacating the judgment is that the Department is required to pass rules relating to standards for the approval of applications for sewer extensions. The trial judge so ruled in his memorandum decision of May 31, 1977. He stated that sec. 144.04, Stats., mandated standards for the approval, conditional approval or rejection of plans for sewer extensions. We do not agree. Sec. 144.04 makes no reference to a rule of general application passed by this Department. It refers only to individual approvals or rejections of proposed systems, plants or extensions. Sec. 144.025(2)(c), Stats., provides:

"The department may issue general orders, and adopt rules applicable throughout the state for the construction, installation, use and operation of practicable and available systems, methods and means for preventing and abating pollution of the waters of the state. Such general orders and rules shall be issued only after an opportunity to be heard thereon has been afforded to interested parties."

The Department is authorized under this statute to set standards. It is not required to do so. Other subdivisions of sec. 144.025(2), Stats. use the word "shall" in directing the Department: to formulate a long range

comprehensive state water resources plan (sec. 144.025 (2) (a)); to adopt rules setting standards of water quality (sec. 144.025 (2) (b)); to make inspections and investigations (sec. 144.025 (2) (f)); to supervise chemical treatment of waters (sec. 144.025 (2) (i)); and to establish an examination program for certification, with standards, of waterworks and sewage treatment plants (sec. 144.025 (2) (l)). The conclusion is inescapable that the Department is permitted, but not required, to adopt rules for sewer extension requests under sec. 144.025 (2) (c).

With the conclusion that standards for sewer extension approvals are not required, there is left in this case only an abstract question of law. The controversy between the Decade and the Department is whether the standards for sewer extension approvals may be promulgated only after an environmental impact statement is filed, or some other form of compliance with sec. 1.11, Stats. is had. However, because the Department need not promulgate standards at all, an answer to the question which is given before the standards are applied will never have any practical effect. The Department will continue to be free, as it is now free, to process sewer extension applications on a case-by-case basis. Therefore, this case does not present a justiciable controversy.

The judgment is vacated and the cause is remanded to the circuit court for Dane county with directions to dismiss the complaint.

ABRAHAMSON, J., took no part.